
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50119 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01918-BTM-1 |
| v. | |
| MIGUEL ANGEL RIVAS-BARRERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted June 4, 2014**
Pasadena, California

Before: KOZINSKI, Chief Judge, and TROTT and CALLAHAN, Circuit Judges.

Miguel Rivas-Barrera appeals his conviction for importation of marijuana.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are aware of the facts and circumstances of this case, we repeat them only as necessary to illuminate our decision.

## I

Rivas-Barrera's claim of prosecutorial misconduct in the presentation of the prosecutor's argument to the jury is without merit under any standard of review—much less for plain error. The prosecutor's arguments about which Rivas-Barrera complains are simply fair comments involving legitimate inferences from the evidence. See United States v. Henderson, 241 F.3d 638, 652 (9th Cir. 2000) ("Prosecutors have considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences from the evidence.").

## II

The district court did not abuse its discretion in refusing to instruct the jury that the defendant "contends that a third party was responsible for loading [his] car with marijuana." This formulation was more argument than instruction, especially where the defendant had chosen not to take the stand. United States v. Parker, 991 F.2d 1493, 1497 (9th Cir. 1993) (rejecting a claim of error on a proposed instruction "was more like a closing argument than a statement of applicable law"). Moreover, the instructions given to the jury were accurate and adequate.

AFFIRMED.